# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY DAWSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 12-203E |
| | ) | |
| v. | ) | |
| | ) | |
| MAJOR JOHN DOE, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to terminate all pending motions and to close this case.

**II.    REPORT**

This civil rights action was filed in this Court on August 30, 2012. Plaintiff brought this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated by the named Defendants. Plaintiff's initial filings in this case contained several separate complaints against different Defendants. Although he filed a motion seeking leave to proceed in forma pauperis, Plaintiff did not file the necessary documentation in order to support that motion.

By Order dated September 4, 2012, this Court directed Plaintiff to file the necessary documentation in order to support his motion for leave to proceed in forma pauperis. The Order

1

warned by Plaintiff's failure to comply before September 20, 2012, could result in the dismissal of this action for failure to prosecute. ECF No. 2. Plaintiff did not comply.

By Order dated September 5, 2012, this Court directed Plaintiff to file a single legible complaint before September 24, 2012, or risk dismissal for failure to prosecute. ECF No. 3. Plaintiff did not comply.

By Order dated October 2, 2012, this Court directed Plaintiff to show cause for his failure to comply with the two previous orders. This Order warned that Plaintiff's failure to respond before October 12, 2012, would result in the dismissal of this action for failure to prosecute. As of today's date, Plaintiff has failed to comply.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is several weeks old, yet Plaintiff has not taken the initial steps in paying the required filing fee or supporting his motion for leave to proceed in forma pauperis and has not filed the single legible complaint. Without Plaintiff's payment of the filing fee or in

forma pauperis status, as well as the single legible complaint, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 18, 2012